UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHERRY COOPER, CYNTHIA JONES,
PAMELA JACKSON, PAIGE VERDUCCI,
WILSON AVILES, KRISTINE WOLANSKE,
CATHY WHITTINGTON, on behalf of themselves
and all others similarly situated, and William
O'Driscoll as representative of THE
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,

               Plaintiffs,                                    ORDER
                                                               02-CV-3477 (NG) (KAM)

  - against -

TWA AIRLINES, LLC, AMERICAN
AIRLINES, INC., and THE ASSOCIATION
OF PROFESSIONAL FLIGHT ATTENDANTS,
John Ward as Representative,

               Defendants.
------------------------------------------------------------------x
**GERSHON, United States District Judge:**

      The history of this action has been set forth in prior decisions of the court, which are reported at 2005 U.S. Dist. LEXIS 41007 (E.D.N.Y. July 18, 2005) and 349 F. Supp. 2d 495 (E.D.N.Y. 2004). Briefly, plaintiffs sue on behalf of former TWA Airlines Inc. ("TWA") flight attendants who were incorporated into the workforce of defendant American Airlines, Inc. ("American") following American's acquisition of TWA. In July 2003, these flight attendants were furloughed pursuant to the terms of the Restructuring Participation Agreement ("RPA") entered into by American and defendant Association of Professional Flight Attendants ("APFA"). A supplemental complaint deals solely with the events surrounding the negotiation of that agreement. In light of the decisions cited above, there remain only two claims, both against APFA only, as to which APFA now seeks summary judgment.

1

Plaintiffs are the union that served as bargaining representative for the former TWA flight attendants, the International Association of Machinists and Aerospace Workers, and seven flight attendants formerly employed by TWA. In the absence of class counsel, the class that plaintiffs sought to represent has been decertified. *See* order of March 2, 2007. All plaintiffs therefore appear *pro se*, and none has filed any opposition to the motion for summary judgment.

Remaining are claim No. 10 of the Supplemental Complaint, which claims a breach of the Duty of Fair Representation ("DFR"), and claim No. 13 of that pleading, which asserts a breach of contract. In her decision denying preliminary injunctive relief to plaintiffs on their DFR claim, Judge Amon concluded, after an evidentiary hearing, that plaintiffs had failed to demonstrate a likelihood of success on the merits. *See Cooper v. TWA Airlines, LLC, et al.*, 274 F. Supp. 2d 231, 243-48 (E.D.N.Y. 2003) (Amon, J.). Now, after discovery, plaintiffs offer no challenge to either the facts or law submitted by APFA on the summary judgment motion. The law applicable to DFR claims is set forth in the Opinion and Order in *Marcoux v. Am. Airlines, Inc.*, Nos. 04-CV-1376, 03-CV-4987, 04-CV-634 (consolidated) ("*Marcoux*"), issued herewith, addressing related claims by the American flight attendants. That decision also addresses in detail the facts establishing that APFA did not violate its DFR with regard to the RPA ratification process. In sum, the undisputed facts establish that APFA did not discriminate against or act in bad faith with regard to TWA flight attendants in the negotiation of the RPA or with respect to the ratification of that agreement.

The breach of contract claim alleges that APFA's conduct during the ratification of the RPA violated its own constitution. That claim is a "mere refinement" of plaintiffs' DFR claim, and therefore it is preempted by federal law. *See* July 22, 2008 Opinion and Order in *Marcoux*, at 49; *Cooper*, 349 F. Supp. 2d at 507-08; *Marcoux*, 2006 U.S. Dist. LEXIS 14130, * 22 n. 4 (E.D.N.Y.

2

Mar. 28, 2006).

APFA's motion for summary judgment is granted, and the Clerk of Court is directed to enter judgment in accordance with this order and close this case.

**SO ORDERED.**

*/S/ Nina Gershon*
**NINA GERSHON
United States District Judge**

Dated: July 22, 2008
       Brooklyn, New York